IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| SHAWN DAVID LARSON, ) | **MEMORANDUM DECISION & ORDER** |
| ) | **GRANTING MOTION TO DISMISS** |
| Petitioner, ) | |
| ) | Case No. 2:09-CV-989-PMW |
| v. ) | |
| ) | Magistrate Judge Paul Warner |
| THOMAS PATTERSON, ) | |
| ) | |
| Respondent. ) | |

---

Petitioner, Shawn David Larson, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] Granting Respondent's motion to dismiss the petition, the Court denies him this remedy.

## BACKGROUND

Petitioner stands convicted of three counts of aggravated robbery, for which he is serving three consecutive terms of six-years-to-life. In a memorandum decision, the Utah Court of Appeals affirmed his conviction.[2] The Utah Supreme Court then denied his petition for certiorari review.[3]

In this timely federal habeas corpus petition, Petitioner raises two properly exhausted issues: (1) Whether the state trial court erred in denying his motion to dismiss (based on Utah's speedy-trial statute) the charges against him; and (2)

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

[2] *State v. Larson*, 2008 UT App 360.

[3] *State v. Larson*, 205 P.3d 103 (Utah 2009).

whether his constitutional right to effective assistance of counsel was violated when counsel (a) appeared late to the August 27, 2003 preliminary hearing and (b) did not file a motion to dismiss, based on the speedy-trial statute.

**ANALYSIS**

**I.  Standard of Review**

The standard of review to be applied in federal habeas cases is found in § 2254, under which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[4]

"Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error."[5]  Further, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of

---

[4] 28 U.S.C.S. § 2254(d) (2010).

[5] *House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

2

rebutting the presumption of correctness by clear and convincing evidence."[6]

The Court's inquiry here begins with whether the court of appeals's rejection of Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law."[7] The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome.[8] "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited."[9]

Under *Carey v. Musladin*,[10] the first step is determining whether clearly established federal law exists relevant to Petitioner's claims.[11] Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law."[12]

> [C]learly established [federal] law consists
> of Supreme Court holdings in cases where the

---

[6] 28 U.S.C.S. § 2254(e)(1) (2010).

[7] *Id.* § 2254(d)(1).

[8] *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

[9] *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

[10] 549 U.S. 70 (2006).

[11] *House*, 527 F.3d at 1017-18.

[12] *Id.* at 1018.

> facts are at least closely-related or similar
> to the case *sub judice*. Although the legal
> rule at issue need not have had its genesis
> in the closely-related or similar factual
> context, the Supreme Court must have
> expressly extended the legal rule to that
> context.[13]

In deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis.[14]

If this threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case."[15] This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state decision erroneously applied clearly established federal law.[16] "'Rather that application must also be unreasonable.'"[17]

---

[13] *Id.* at 1016.

[14] *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("Federal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted)).

[15] *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

[16] *See id.*

[17] *Id.* (quoting *Williams*, 529 U.S. at 411).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[18]

Finally, "[i]t is, of course, well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas."[19] This Court must "give effect to state convictions to the extent possible under law."[20] Still, "errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ."[21]

## II. Speedy-Trial Statute

Petitioner's first argument that the trial court should have, under Utah's speedy-trial statute, dismissed the charges against him is based entirely on state law. "A habeas petitioner is only entitled to relief, however, for alleged violations of federal rights, not for errors of state law."[22] Therefore, this Court will not further consider this state-law-based argument.

---

[18] 28 U.S.C.S. § 2254(e)(1) (2010).

[19] *Williams*, 529 U.S. at 375.

[20] *Id.* at 386.

[21] *Id.* at 375.

[22] *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

5

## III. Ineffective Assistance of Counsel

Petitioner urges this Court to overturn the Utah Court of Appeals's decision that his counsel was not ineffective. He poses two claims: (1) counsel showed up "extremely late" to Petitioner's August 27, 2003 preliminary hearing; and (2) counsel did not file a motion to dismiss under the speedy-trial statute.

Noting again that review is tightly circumscribed by the standard of review for federal habeas claims by state prisoners, this Court observes that the court of appeals selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issue.[23] It is the familiar two-pronged standard of *Strickland v. Washington*:[24] (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance.[25] The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result.[26]

---

[23] *Larson*, 2008 UT App 360, at ¶ 10.

[24] 466 U.S. 668 (1984).

[25] *Id.* at 687-88.

[26] *Id.*

As required by the standard of review, the Court now analyzes whether the court of appeals's application of *Strickland* was reasonable.

### A. Counsel's Late Appearance at Preliminary Hearing

Petitioner maintains counsel was ineffective "when he appeared extremely late at the August 27, 2003 preliminary hearing," necessitating a continuance that Petitioner apparently saw as jeopardizing possible dismissal of his case under the speedy-trial statute.

In analyzing this issue under *Strickland*, the Utah Court of Appeals, having recounted at length the procedural history of Petitioner's criminal case, determined:

> Concerning the failure to appear, Larson has not shown prejudice. He argues that the seventy-plus days that passed between the continuance based on failure to appear [on time] and the time that defense requested the November continuance would have been sufficient time to meet the 120 days and require dismissal. However, Larson makes no argument addressing the fact that the trial date would almost certainly have been earlier than the November date had the preliminary hearing been held as originally scheduled.[27]

Petitioner does not even argue that the court of appeals got this wrong. He merely restates his belief that his attorney's failure to show up on time in itself was deficient, prejudicial performance. However, based on *Strickland*, the court of appeals

---

[27] *Larson*, 2008 UT App 360, at ¶ 10.

was right to analyze Petitioner's failure to assert an argument regarding the requisite prejudice prong (e.g., was it really likely the trial would have occurred early enough to still be within the 120-day window), and, on that basis, reject his ineffective-assistance-of-counsel claim.  This Court is therefore not at all persuaded that the court of appeals's application of relevant Supreme Court precedent was unreasonable.

**B. Failure to File Motion to Dismiss Under Speedy-Trial Statute**

Petitioner contends that counsel rendered ineffective assistance of counsel "when he did not file an [sic] motion to dismiss pursuant to the speedy 120 day trial statute."

Citing *Strickland*, the court of appeals analyzed this applicable Supreme Court precedent against the facts of the case. The court of appeals thus determined the parameters of *Strickland* were not breached:

> Respecting the motion to dismiss, we have
> discussed above that the complained-of delays
> were not attributable to the State;
> therefore, counsel's failure to file a motion
> to dismiss did not amount to ineffective
> assistance, *see State v. Kelley*, 2000 UT 41,
> ¶ 26, 1 P.3d 546 ("Failure to raise futile
> objections does not constitute ineffective
> assistance of counsel.").[28]

Again, Petitioner does not attack the court of appeals's conclusion but instead only cursorily reargues his belief that a motion to dismiss, based on Utah's speedy-trial statute, should

---

[28] *Id.*

have been filed. He does not cast doubt on the factual determination of the time line of procedural history set forth by the court of appeals. And, he cannot call into question, in this federal habeas case, the state-law determination that the speedy-trial law simply was not violated here. The court of appeals correctly recognized the well-seasoned rule that, when there is no violation, there is no ineffective assistance for failing to draw attention to the "violation."

Again, this Court sees no way in which the court of appeals's application of relevant Supreme Court precedent was unreasonable.

## CONCLUSION

Petitioner raises no valid grounds for federal habeas relief. IT IS THEREFORE ORDERED that Respondent's motion to dismiss is GRANTED.[29] Petitioner's habeas corpus petition under § 2254 is DENIED.

IT IS SO ORDERED.

DATED this 13th day of January, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[29] *See* Docket Entry # 10.